# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1357

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Rene Ramos Galvan, also known as | * | District of Minnesota. |
| Victor Reyes, also known as Victor | * | |
| Galvan Reyes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 9, 2002
Filed: August 14, 2002

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Rene Ramos Galvan appeals from the sentence imposed by the District Court[1] following his guilty plea to a drug charge. Galvan's counsel has filed a brief and moved to withdraw under Anders v. California, 386 U.S. 738 (1967). Galvan has filed a supplemental brief, asserting that his counsel was ineffective, that the District Court should not have held the plea hearing on September 11, 2001, because the

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

hearing resulted in a "coerced confession" and the district judge's "actions and statements would show his mind was on the Twin Towers and not [Galvan's] due process." We affirm.

As to the issue raised by counsel, we conclude that the District Court properly sentenced Galvan in accordance with the unobjected-to drug quantities set forth in the presentence report. See United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993).

Galvan's pro se arguments are also unavailing. His challenge to his counsel's effectiveness should be brought in a 28 U.S.C. § 2255 motion, if at all. See United States v. Clayton, 210 F.3d 841, 845 n.4 (8th Cir. 2000). Further, he has not explained how he was prejudiced from the Court's unobjected-to decision to proceed with the September 11, 2001 plea hearing, and the hearing transcript does not support his assertion that the Court coerced his guilty plea or otherwise violated his rights.

We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.